**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Rasool Kashkool,
Plaintiff,
vs.
Michael Chertoff, *et al*.,
Defendants.

No. CV-07-0190-PHX-LOA

**ORDER**

This is the time set for the Rule 16(b), FED.R.CIV.P., scheduling conference. Plaintiff is represented by counsel, Eric G. Bjotvedt. Defendants are represented by counsel, AUSA Cynthia M. Parsons. Court reporter is not present.

Although their Answer, docket # 15, fails to allege any affirmative defenses[1] and Defendants expressly "raise[] no affirmative defenses" in the Joint Case Management Report, docket 22 at 2:20, Defendants contend this District Court "lacks [subject-matter] jurisdiction." Plaintiff claims, however, that this District Court has subject-matter jurisdiction pursuant a federal question under 28 U.S.C. § 1331as the "complaint arises under the Immigration and Nationality Act"; the Mandamus Act, 28 U.S.C. § 1361; the All Writs Act, 28 U.S.C. § 1651; and/or the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. including § 706(1) and § 555 because of Defendants' alleged "unreasonable delay in processing of

[1] Ordinarily, an affirmative defense is lost if it is not included in the answer or amended answer. *Santos v. Alaska Bar Association*, 618 F.2d 575, 576-77 (9th Cir.1980). A federal court's subject-matter jurisdiction may be made at any stage of the proceedings, and the court should raise the question *sua sponte. Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) (citing *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884).

Plaintiff's application for adjustment of status" to permanent resident. (docket # 1 at 1) Defense counsel agrees to promptly inform Plaintiff's counsel in writing the basis upon which Defendants contend that this Court lacks subject-matter jurisdiction. Absent agreement on the issue of subject-matter jurisdiction, counsel are encouraged to address this issue early on in this litigation.

All parties have heretofore consented to magistrate judge jurisdiction pursuant to 28 U.S.C. §636(c). (docket # 18) Pursuant to the parties' discussions with the Court today and the various deadlines in their proposed Rule 26(f) Joint Case Management Report, docket # 22, filed on July 6, 2007, the Court will set the various deadlines for the judicial management of this case.

**IT IS ORDERED** that the parties, by and through their counsel, shall comply with the following deadlines which are agreed to by all counsel. Stipulations extending the time for the doing of any act required by the Court or the Rules of Civil Procedure will be treated as a joint motion subject to Court approval. LRCiv. 7.3; *Gestetner Corp. v. Case Equipment Company*, 108 F.R.D. 138 (D. Maine 1985)(good cause not shown to amend scheduling order); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir.1994)("[F]ederal Rule of Civil Procedure 16 is to be taken seriously. . . . "). Continuances of these deadlines may be granted only upon a showing of good cause and by leave of the assigned trial judge. Settlement negotiations do not constitute good cause. These **deadlines are real**. The parties are advised that the Court intends to enforce the deadlines set forth in this Order, and should plan their litigation activities accordingly. *Hostnut.Com, Inc.v. Go Daddy Software, Inc.*, 2006 WL 2573201 *1 (D. Ariz. 2006).

1. The parties confirm that Plaintiff has made his Rule 26(a) initial disclosures on July 2, 2007. Defendants have not made their Rule 26(a) initial disclosures but shall do so on or before **Friday**, **July 13, 2007** about which Plaintiff's counsel has no objection. Defendants are expressly cautioned that failure to meet this deadlines may result in exclusion. *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir.1998) ( "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that

its violation of Rule 26(a) was either justified or harmless."); *Saudi v. Valmet-Appleton, Inc.*, 219 F.R.D. 128, 132 (E.D.Wis. 2003).

2. Filing motions to amend pleadings and motions to join additional parties by **August 27, 2007**.[2]

2. Because the Court believes that staggered expert disclosure is more fair and will less likely result in requests for a modification of these deadlines, Plaintiff's disclosure of expert testimony and reports required under Rule 26(a)(2)(B), Fed.R.Civ.P. shall be made by **October 19, 2007.** Defendants' disclosures of expert testimony and reports required under Rule 26(a)(2)(B), Fed.R.Civ.P., shall be made by **November 16, 2007.** Plaintiff's disclosure of true rebuttal expert testimony and reports solely to contradict or rebut evidence as required under Rule 26(a)(2)(C), Fed.R.Civ.P. shall be made by **December 17, 2007**.

Each testifying expert witness (regardless of whether such expert witness has or has not been specifically retained for this case, such as, a treating physician, or if the expert is an employee of the calling party) shall provide a written report to the adverse party as required by Rule 26(a)(2)(B). *Minnesota Mining and Manufacturing Co. v. Signtech USA, Ltd.*, 177 F.R.D. 459 (D. Minn. 1998).

No expert witness not timely disclosed will be permitted to testify unless the party offering such witness demonstrates: (a) that the necessity of such expert witness could not have been reasonably anticipated at the time of the deadline for disclosing such expert witness; (b) the Court and opposing counsel or unrepresented party were promptly notified

---

[2] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir.1992) (once scheduling order is filed pursuant to Rule 16(b), the good cause standard controls over the Rule 15(a) standard). In *Coleman v. Quaker Oats Company*, 232 F.3d 1271, 1294 (9th Cir. 2000), the Ninth Circuit stated:

> Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings. In this case, however, the district court correctly found that it should address the issue under Federal Rule of Civil Procedure 16 because it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [plaintiffs] moved to amend.

upon discovery of such expert witness; and (c) that such expert witness was promptly proffered for deposition. *Wong v. Regents of the University of California*, 379 F.3d. 1097 (9th Cir. 2004); Rule 37(c)(1), FED.R.CIV.P.

3. Disclosure of all known witnesses, exhibits and other matters under Rule 26(a)(3), Fed.R.Civ. P., and supplementation of all discovery pursuant to Rule 26(e), Fed.R.Civ. P. by **December 31, 2007**.[3]

4. Completion of all discovery: **January 31, 2008**.

5. Filing dispositive motion(s) on or before **March 14, 2008**. A Cross-motion for summary judgment may be filed **within 30 days** of the adverse party's dispositive motion; provided, however, such motion is **solely** related to the specific issue(s) directly raised in the initial dispositive motion(s). Absent express prior leave of the Court, each side shall be entitled to file only one motion for summary judgment that complies in all respects to the Local Rules.

Pursuant to stipulation and good cause appearing,

Pursuant to Rule 5(b)(2)(D), FED.R.CIV.P. and this Court's adoption of rules regarding electronic filing, the parties consent and agree that service under Rule 5(a) may be obtained on the other party by delivering a copy of the document by electronic means. Service by electronic means is complete upon transmission. Counsel also advise the Court that they are registered and will comply with the District Court's Case Management/Electronic Case Filing ("CM/ECF") Administrative Policies and Procedures Manual. See the District Court's internet site (www.azd.uscourts.gov) and click onto the CM/ECF link for the details of the District Court's electronic filing system.

---

[3] The parties are on notice that this order supercedes the "30 day before trial" disclosure deadline contained in FRCP 26(a)(3). Therefore, failure to timely supplement pursuant to Rule 26(e), including attempts to include witnesses and exhibits in the Proposed Final Pretrial Order or at trial that were not previously disclosed in a timely manner may result in the exclusion of such evidence at trial or the imposition of other sanctions including dismissal and the imposition of default pursuant to FRCP 37, the Local Rules of Civil Procedure of the District Court, and the inherent power of the Court.

The Court and counsel also generally discuss issues relating to the preservation, production and privilege of electronically-stored information, including the form or forms in which it should be produced. See amendments to Fed. Civil Rules of Proc. 16(b)(5), 26(f)(3), 33, 34, 37 and 45, effective December 1, 2006; Dawn M. Bergin, *New Federal Rules on E-Discovery - Help or Hindrance?*, Arizona Attorney, December, 2006, pp. 22 - 28; Anthony J. Battaglia, *Dealing With Electronically Stored Information: Preservation, Production And Privilege*, The Federal lawyer, May, 2006, pp. 26 - 31. Counsel expressly indicate no concerns about any such issues at this time.

Counsel are hereby advised that the Court has various audio/visual equipment available for use at an evidentiary hearing or trial at no cost to the Bar. This equipment includes an evidenciary presentation system, which consists of a document camera, digital projector, and screen ("ELMO"). The projector may be used to display images which originate from a variety of sources, including television, VCR, and personal computer. The document camera may be used to display documents, photographs, charts, transparencies, and small objects. For further information please contact the Court's A/V Specialist, Brian Lalley at (602) 322-7131.

**IT IS FURTHER ORDERED** that the Court may set an another Rule 16(b) Scheduling Conference after the Court's ruling on all dispositive motions; after completion of all discovery, if no dispositive motion is timely filed; or upon written request from any party to discuss the setting of a trial and all issues related thereto, i.e. the length and times of trial, motions in *limine*, *Daubert* hearings, etc. Counsel shall bring their calendars with them to this conference.

**IT IS FURTHER ORDERED** that since the case will be tried to the Court, rather than to a jury, in addition to filing a Proposed Joint Final Pretrial Order, each party shall submit proposed findings of fact and conclusions of law in concise with separately numbered paragraphs by the same date the Proposed Joint Final Pretrial Order is due. These proposed findings of fact and conclusions of law shall be submitted in both written form and on an IBM-compatible computer disk in WordPerfect® X3 format.

**IT IS FURTHER ORDERED** that the parties shall keep the Court apprised of the possibility of settlement and should settlement be reached, the parties shall immediately file a Notice of Settlement with the Clerk of the Court with a copy to this Court's chambers. LRCiv 40.2(d). This Court views compliance with the provisions of this Order as critical to its case management responsibilities and the responsibilities of the parties under Rule 1 of the Federal Rules of Civil Procedure.

The parties are advised that when sufficient information has been disclosed between the parties to fairly appreciate and evaluate the strengths and weaknesses of the claims and defenses alleged in this case, a settlement conference before another U.S. magistrate judge may be requested. Delay in requesting, scheduling or concluding a settlement conference or settlement negotiations do **not** constitute good cause to continue or extend the deadlines set herein.

**IT IS FURTHER ORDERED** that in light of the parties' filing their Case Management Report on July 6, 2007, albeit late, the July 6, 2007 OSC is hereby **DISCHARGED**.

DATED this 9th day of July, 2007.

Lawrence O. Anderson
United States Magistrate Judge